PEOPLE v. BENCHECK.

CRIMINAL LAW—WITHDRAWAL OF PLEA OF GUILTY.
Defendant, charged with statutory rape, who sought to withdraw plea of guilty before commencement of trial and before sentence, *held*, entitled to have his motion granted, where the request is not obviously frivolous and defense of innocence is asserted (CLS 1956, § 720.520).

---

REFERENCES FOR POINTS IN HEADNOTES
14 Am Jur, Criminal Law §§ 286–288.
Right to withdraw plea of guilty. 66 ALR 628.

Appeal from Genesee; Roth (Stephen J.), J. Submitted April 14, 1960. (Docket No. 59, Calendar No. 48,306.) Decided July 11, 1960.

Fred Carl Bencheck, after plea of guilty to statutory rape, moved that the plea be set aside and withdrawn and that he be granted a jury trial. Motion denied. Defendant appeals. Reversed and remanded.

*Paul L. Adams,* Attorney General, *Samuel J. Torina,* Solicitor General, *Jerome F. O'Rourke,* Prosecuting Attorney, for the people.

*Leon A. S. Seidel* and *Richard C. Fruit,* for defendant.

EDWARDS, J. Defendant was charged with the offense of statutory rape* before Genesee county circuit court. On January 14, 1959, the day set for trial, while represented by counsel he entered a plea of guilty. After full compliance with Court Rule No 35A (1945)† and a careful examination in open court wherein defendant recited the facts pertaining to the offense in great detail and in substantial conformity to the charge as contained in the information, the circuit judge accepted the plea.

Subsequently, on February 18, 1959, defendant was brought to court for sentence and, after hearing the sentence administered to his older brother, sought to withdraw his own guilty plea, claiming that he had misunderstood his rights and that in fact he was innocent of the charge. After questioning of defendant in open court, wherein discrepancies in his new story appeared, and after

---

* CLS 1956, § 750.520 (Stat Ann 1954 Rev § 28.788).—REPORTER.
† Added 1947. See 318 Mich xxxix.—REPORTER.

hearing argument on the motion, the circuit judge denied it.

Obviously convinced of defendant's guilt, the court proceeded to sentence him. He said in this regard:

"It seems to the court that one seeking to withdraw a plea of guilty must at the time motion for leave to withdraw the plea is made state some reason why the judgment should not stand against him and that reason must amount to a fraud or an imposition on him or a misapprehension of his legal rights. He should at the very least allege and perhaps make some showing that he is not guilty of the charge to which he has pleaded."

The court in this regard relied upon *People* v. *Furkas,* 255 Mich 533. The authority of this case has been considerably weakened, however, in subsequent cases. *People* v. *Vasquez,* 303 Mich 340; *People* v. *Machus,* 321 Mich 353.

Generally, it is considered that there is no absolute right to withdrawal of a guilty plea. *People* v. *Case,* 340 Mich 526; *People* v. *Banning,* 329 Mich 1. See, also, 14 Am Jur, Criminal Law, § 286. But this Court's decisions suggest that the trial judge's discretion be exercised with great liberality when the motion is made prior to sentence or commencement of trial. *People* v. *Piechowiak,* 278 Mich 550; *People* v. *Stone,* 293 Mich 658; *People* v. *Sheppard,* 316 Mich 665; *People* v. *Anderson,* 321 Mich 533.

In *People* v. *Banning, supra,* p 7, this Court said:

"Defendant relied principally upon the line of cases in which we have held that a plea of guilty may be withdrawn at any time before sentence. *People* v. *Anderson,* 321 Mich 533, and cases therein cited.

"The rationale behind these cases is apparent. The right to trial by jury in criminal cases is a substantial constitutional right, as are the attendant

rights of confrontation, cross-examination, et cetera.* While these rights may. be waived by the defendant, the law has erected many safeguards to protect him against his .own ignorance,. or folly, and against the pressures that might be applied by others. In the case in which the defendant ·has pleaded guilty, and then desires to avail himself of his constitutional guaranties, the law will not punish him for his indiscretion."

Where, as here, a defense of innocence is asserted at the time of a request to withdraw the plea, and the request is not obviously frivolous and is made before commencement of trial and before sentence, the plea should be granted. The right we deal with here is the right to a jury trial, and even what may prove a well-founded belief in defendant's guilt on the part of the trial judge should not impede the exercise of that right.

Reversed and remanded for order allowing withdrawal of plea, and new trial.

Dethmers, C. J., and Carr, Kelly, Smith, Black, Kavanagh, and Souris, JJ., concurred.

---

\* See Const 1908, art 2, § 19.—Reporter.