PEOPLE v BOVEE

OPINION OF THE COURT

1. CRIMINAL LAW—PLEA OF GUILTY—WITHDRAWAL—CAUSE—ABUSE OF DISCRETION.

A motion to withdraw a plea of guilty which had already been accepted by the court was properly denied where no cause for withdrawal was shown in defendant's motion and no abuse of discretion by the court is apparent.

2. CRIMINAL LAW—PRISON ESCAPE—HOMOSEXUAL ATTACK—PLEA OF GUILTY—NOTICE—SELF-SERVING STATEMENTS—WITHDRAWAL.

Imminent threat of homosexual attack by prison inmates is a valid defense to a prison escape charge, proper notice of which would require a court to reject a proffered plea of guilty to prison escape or would require further inquiry into the truth of the plea, but such notice is not established by unsworn, self-serving statements made by a defendant who refused an opportunity to substantiate his charges and who did not reassert them when he finally requested withdrawal of his previously accepted plea of guilty.

DISSENT BY N. J. KAUFMAN, J.

3. CRIMINAL LAW—PRISON ESCAPE—PLEA OF GUILTY—WITHDRAWAL—POTENTIAL DEFENSE—FAILURE TO REASSERT—FEAR OF REPRISALS.

*There is no significant burden placed upon the administration of justice by allowing a defendant to withdraw an accepted plea of guilty of prison escape prior to sentencing where the defendant had made known to the court his potential defense of fear of sexual assault prior to the sentencing and his failure to reassert the claim, to substantiate it by a lie-detector test, or to notify prison authorities could have been motivated by fear of reprisals.*

REFERENCE FOR POINTS IN HEADNOTES
[1–3] 21 Am Jur 2d, Criminal Law §§ 491, 504–506.

Appeal from Jackson, Gordon W. Britten, J. Submitted Division 2 March 4, 1975, at Lansing. (Docket No. 20570.) Decided April 28, 1975.

Terry Bovee was convicted, on his plea of guilty, of prison escape. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Bruce A. Barton,* Prosecuting Attorney, and *James M. Justin,* Assistant Prosecuting Attorney, for the people.

*Marc L. Goldman,* Assistant State Appellate Defender, for defendant.

Before: QUINN, P. J., and BASHARA and N. J. KAUFMAN, JJ.

QUINN, P. J. By his plea of guilty, defendant was convicted of prison escape, MCLA 750.193; MSA 28.390. At sentencing and before sentence was pronounced, defendant requested to withdraw his plea. This request was denied; defendant was sentenced and he appeals.

The plea of guilty occurred December 4, 1973, and it was accepted the same day. Sentencing was set for February 7, 1974. By a letter to the judge dated January 27, 1974, defendant asserted for the first time that he escaped to avoid sexual abuse by other inmates. By handwritten note dated January 31, 1974, the judge responded;

"Mr. Bovee:

There is no way I can verify the pressure placed on you without a polygraph. Every escapee can concoct such a story.

If you wish to withdraw your plea to exercise your right to a trial, I would have no objection.

/s/ Gordon Britten"

The sentencing set for February 7, 1974, was adjourned to March 7, 1974, at defendant's request but without a reassertion of his claim of sexual abuse and without any request to withdraw his plea of guilty. March 7, 1974, sentencing was again adjourned to March 21, 1974, at defendant's request but without a reassertion of his claim of sexual abuse and without any request to withdraw his plea of guilty. On March 21, 1974, defendant, through his attorney, first requested to withdraw his plea of guilty. The attorney had no prior knowledge of defendant's desire to withdraw his plea.

On appeal, defendant asserts that the trial judge abused his discretion in denying the request to withdraw the plea of guilty. Alternatively, defendant claims that since the trial court had notice of a possible defense, there was reason for the trial court to doubt the truth of the plea, and that it was error for the trial court not to vacate the plea, or minimally to reinquire as to the veracity thereof.

Withdrawal of a plea of guilty is governed by GCR 1963, 785.7(4):

"The court may take the proffered plea under advisement. However, until the court accepts the plea on the record, the defendant may withdraw it as a matter of right without assigning cause. After the court accepts the plea the court may on motion of the defendant set aside his plea of guilty or *nolo contendere;* or the court may, *sua sponte* with the consent of the defendant, set aside his plea."

The plea here involved had been accepted. As we read the controlling rule, defendant's motion to withdraw the plea had to be based on cause shown and the motion was addressed to the court's discre-

tion. The only reference in the sentencing transcript to plea withdrawal is by defendant's attorney:

"Your Honor—my client just informed me he desires a withdrawal of his guilty plea."

No cause is shown and it was not an abuse of discretion for the trial court to deny the motion.

Starting from the premise that *People v Harmon,* 53 Mich App 482; 220 NW2d 212 (1974), and *People v Luther,* 53 Mich App 648; 219 NW2d 812 (1974), establish that imminent threat of homosexual attack by other inmates is a valid defense to an escape charge, defendant advances his alternate issue, namely: since the trial court had notice of a possible defense, there was reason for the trial court to doubt the truth of the plea. Therefore, it was error for the trial court not to vacate the plea, or minimally to reinquire as to the veracity thereof.

This argument would have some validity if the trial court had the kind of notice of a possible defense that required him to doubt the truth of defendant's plea, thus requiring further inquiry or vacation of the plea. On this record, the trial judge had no such notice. The trial court declined to accept, as we would have, the unsworn, self-serving statements of defendant concerning sexual abuse by other inmates. The trial court did afford defendant the opportunity to substantiate the charges by taking a polygraph test and also indicated that he had no objection to defendant withdrawing his plea.

Defendant declined the polygraph test. He never

again asserted sexual abuse by other inmates. So far as the record indicates, he never made such a claim to his attorney. Even when he requested withdrawal of his plea, defendant did not assert the sexual abuse claim. The record does not support defendant's claim that the trial court had notice of a possible defense that required him to doubt the truth of defendant's plea.

Affirmed.

BASHARA, J., concurred.

N. J. KAUFMAN, J. *(dissenting)*. I feel that the trial judge should have allowed defendant to withdraw his plea. Although no cause for withdrawal was shown on the record, it is undisputed that the trial judge had actual knowledge of defendant's potential defense, that his escape was prompted by threats of homosexual attack. Defendant had written a letter to the judge and did not make any claim or notify the prison authorities because he stated that he was afraid of reprisals. The trial judge asked the defendant to take a lie-detector test which would necessitate notifying the prison authorities and, again, would put the defendant in fear of reprisals. Perhaps that is why he never took the lie-detector test. Defendant advanced his claim prior to sentencing, so that he was not motivated by a desire to get a better sentence. I do not believe that a defendant should be forced to take a polygraph test to properly raise a doubt in the trial judge's mind concerning the validity of the plea. A trial is the more proper forum to test the truth of defendant's assertions. I can perceive no significant burden on the administration of justice in allowing defendant to do so.