PEOPLE v LOVE

1. CRIMINAL LAW—PLEA OF GUILTY—NOLO CONTENDERE—WITH-
DRAWAL OF PLEA—STANDARDS.

A defendant's motion to withdraw his plea of guilty or of nolo
contendere should be granted where a defense of innocence is
asserted at the time of the request, the request is not obviously
frivolous, and the request is made before commencement of
trial and before sentencing.

2. CRIMINAL LAW—PLEA OF GUILTY—WITHDRAWAL OF PLEA.

A defendant has no absolute right to withdraw a plea of guilty.

3. CRIMINAL LAW—PLEA OF GUILTY—NOLO CONTENDERE—WITH-
DRAWAL OF PLEA—STANDARDS—GREAT LIBERALITY.

A trial judge is required to exercise "great liberality" in granting
motions to withdraw pleas of guilty or of nolo contendere, but
not in a case where the defendant's plea is offered and accepted
after his trial has begun and the defendant, at the time of his
request to withdraw the plea, does not assert his innocence of
the charge to which he had pled.

4. CRIMINAL LAW—TRIAL—CONTINUANCE—JUDGE'S DISCRETION.

A trial court's denial of a defendant's request for a continuance
was not an abuse of the court's discretion where, in response to
questions regarding the necessity for an adjournment, defense
counsel gave as his only reason that he wanted time for more
research and to spend more time with the defendant.

REFERENCES FOR POINTS IN HEADNOTES
[1, 3, 6, 8] 29 Am Jur 2d, Evidence §§ 526, 702.
Plea of nolo contendere or non vult contendere. 89 ALR2d 540.
[2] 21 Am Jur 2d, Criminal Law §§ 491, 503–506.
Court's duty to advise or admonish accused as to consequences of
plea of guilty, or to determine that he is advised thereof. 97
ALR2d 549.
[4] 17 Am Jur 2d, Continuance §§ 3, 4.
[5] 21 Am Jur 2d, Criminal Law §§ 222, 309.
[7] 7 Am Jur 2d, Attorneys at Law §§ 154–159.

5. ATTORNEY AND CLIENT—CRIMINAL LAW—EFFECTIVE ASSISTANCE OF COUNSEL.

A defendant who claimed that he was prejudiced because his new counsel did not have an opportunity to prepare was not denied effective assistance of counsel where the case was a simple one, defense counsel stated that he was ready to go to trial, and there is no allegation or proof of the existence of any unexplored defenses or relevant, unquestioned witnesses.

6. CRIMINAL LAW—PLEA OF NOLO CONTENDERE—WITHDRAWAL OF PLEA—JUDGE'S DISCRETION.

A trial court did not abuse its discretion by denying a defendant's motion to withdraw his plea of nolo contendere where the issues raised by the defendant in the motion were correctly found to be without merit, and the defendant was unable to establish any reason indicating that his plea had been other than knowing, intelligent and voluntary.

7. ATTORNEY AND CLIENT—CRIMINAL LAW—CONFLICT OF INTEREST—PREJUDICE.

A defendant who claims that he was prejudiced by ineffective assistance of counsel at a hearing to withdraw his plea of nolo contendere because he was represented at the plea-taking hearing by one member of the public defender's office and at the hearing to withdraw by another member of that office thereby creating a conflict of interest because the second attorney might want to protect the first attorney on the advice given was not prejudiced where the possibility of a conflict of interest appears to have been known by the judge, all the relevant facts were brought out and all the issues thoroughly explored.

8. CRIMINAL LAW—REMAND—PLEA OF NOLO CONTENDERE—REASONS FOR ACCEPTING PLEA.

A remand for supplementation of the record in regard to a trial judge's reasons for believing that the interests of a defendant and the proper administration of justice did not require interrogation of the defendant regarding his participation in the crime is not required where the defendant, against the advice of his attorney, refused to plead guilty to unarmed robbery and insisted on pleading nolo contendere to armed robbery even after the consequences of the two pleas were explained to him.

Appeal from Wayne, Horace W. Gilmore, J. Submitted October 7, 1976, at Detroit. (Docket No. 25911.) Decided November 23, 1976.

William J. Love was convicted, on his plea of nolo contendere, of armed robbery. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William A. Cahalan,* Prosecuting Attorney, *Patricia J. Boyle,* Research, Training and Appeals, and *Samuel C. Damren,* Assistant Prosecuting Attorney, for the people.

*Lawrence Baron,* Assistant State Appellate Defender, for defendant.

Before: V. J. BRENNAN, P. J., and BRONSON and BASHARA, JJ.

BRONSON, J. Defendant was charged with armed robbery. MCLA 750.529; MSA 28.797. After several adjournments, trial was scheduled to begin on October 10, 1974. At that time, defendant's appointed counsel requested a further continuance. The request was denied and the process of selecting a jury had begun, when defendant offered to plead nolo contendere to the charged offense. Although the prosecutor stated that he would have no objection if defendant were permitted to plead guilty to unarmed robbery, and despite a statement by defense counsel on the record that his advice to defendant was that a plea of guilty to unarmed robbery would be preferable to a plea of nolo contendere to armed robbery, and notwithstanding extensive advice by the trial judge as to the different consequences to defendant from such pleas, defendant persisted in his offer to plead. His plea was eventually accepted, after a full recital of rights waived by the plea, sentencing consequences of the plea, and the establishing of the requisite factual basis.

Prior to the imposition of sentence, defendant filed a motion to withdraw his plea. A hearing was had, the motion was denied, and defendant was sentenced to a term of from 7-1/2 to 20 years in prison. Defendant now appeals.

On appeal, defendant raises four claims of error which, it is asserted, require reversal of his conviction and sentence. First, the defendant asserts that the trial judge erred in denying defendant's motion for a continuance of his trial on October 10, 1974. Second, it is claimed that as a result of the trial court's failure to grant a continuance, defendant was denied the effective assistance of counsel. Third, defendant argues that the trial judge erred in denying defendant's motion to withdraw his plea, which motion was premised on the first two claims of error. Fourth, defendant asserts that he was denied effective assistance of counsel at the post-plea hearings on his motion to withdraw his plea. For the reasons given below, we find no error requiring reversal of defendant's conviction or sentence.

Since all of the issues raised on this appeal concern, in one way or another, defendant's motion to withdraw his plea, the most helpful way to discuss the claimed errors is within the context of that motion. Defendant argues that since his motion to withdraw was made prior to sentencing, the trial judge should have exercised his discretion in granting such motions with "great liberality" and should have permitted withdrawal because defendant's reasons were not frivolous. Some discussion of recent cases concerning presentence motions to withdraw pleas is in order.

The Supreme Court's most recent pronouncement on presentence motions to withdraw pleas of guilty or nolo contendere came in *People v Lewan-*

*dowski,* 394 Mich 529; 232 NW2d 173 (1975), where it was held that the standard by which such motions should be decided was that enunciated in *People v Bencheck,* 360 Mich 430; 104 NW2d 191 (1960), and in *People v Zaleski,* 375 Mich 71; 133 NW2d 175 (1965). Although *Lewandowski* was a memorandum opinion, the facts of the case were extensively set out in two Court of Appeals opinions. *People v Lewandowski,* 58 Mich App 18; 226 NW2d 843 (1975), *on rehearing,* 60 Mich App 455; 231 NW2d 392 (1975). In the first opinion, the Court of Appeals had held that the standard for withdrawal of court-accepted guilty or nolo contendere pleas was whether the trial court had abused its discretion. On rehearing, the Court held that the trial judge had correctly denied defendant's motion to withdraw even though the reasons given by defendant were nonfrivolous. (Defendant claimed he was innocent, that he had pled nolo contendere while suffering from amnesia and had only later begun to recall the events surrounding the incident which had led to his arrest and charge, and that his pleas had not been voluntarily entered.) The Court of Appeals nevertheless upheld the trial judge because defendant had failed to offer support for any of the allegations. The Supreme Court reversed.

*Zaleski* and *Bencheck* thus established the relevant standard, which was stated as follows:

"Where, as here, a defense of innocence is asserted at the time of a request to withdraw the plea, and the request is not obviously frivolous and is made before commencement of trial and before sentence, the plea should be granted." *Bencheck, supra,* p 433; *Zaleski, supra,* p 79.

Further insight into the standard thus set may

be gained by looking at the reasoning leading up to the decisions in *Bencheck* and *Zaleski,* to permit withdrawal in the former but to deny it in the latter, as well as the cases relied on. In each case, the Court emphasized that there is no absolute right to withdraw a guilty plea. In each case, the Court then cited *People v Case,* 340 Mich 526; 65 NW2d 803 (1954), and *People v Banning,* 329 Mich 1; 44 NW2d 841 (1950). In both *Bencheck* and *Zaleski,* the Court then immediately enunciated the rule quoted above.

The significance of the factors listed is made apparent by the cases cited. In *Case,* the significant factors relied on by the Court in holding that the trial judge had properly denied defendant's motion to withdraw his plea were that defendant had never asserted his innocence of the charge and in addition had gained some idea of what sentence would be imposed. In *Banning,* the significant factor in the Court's decision was that defendant's trial had begun before he offered to plead guilty.

In contrast, the cases cited by the Court in *Bencheck* and *Zaleski* as evidencing reasons sufficient to grant a presentence motion to withdraw a plea involved pleas accepted before trial had begun, motions to withdraw made prior to sentencing, and included either assertions of innocence made by defendant in conjunction with the motion to withdraw or else assertions of serious deprivations of defendant's rights. *People v Piechowiak,* 278 Mich 550; 270 NW 783 (1936), *People v Stone,* 293 Mich 658; 292 NW 520 (1940), *People v Sheppard,* 316 Mich 665; 26 NW2d 557 (1947), *People v Anderson,* 321 Mich 533; 33 NW2d 72 (1948), and *People v Hollingsworth,* 338 Mich 161; 61 NW2d 22 (1953).

Thus the statement of the rule in *Bencheck* and

*Zaleski,* and particularly the cases from which that rule was derived, indicate that the "great liberality" standard should not be applied in this case as defendant's plea was offered after his trial had begun and defendant did not assert innocence of the charge to which he pled.

We are not unaware of *People v Boone,* 47 Mich App 548; 209 NW2d 693 (1973), a case which permitted plea withdrawal under circumstances similar to the case at bar. We note, however, that the opinion by then Chief Judge T. JOHN LESINSKI, which stated that the great liberality standard was applicable to that defendant's motion to withdraw his plea made before sentencing even though defendant's trial had commenced, was not joined in by the other two judges on that panel. The majority opinion in that case held only that the defendant's motion should have been permitted under the "existing case law". *Boone, supra,* p 551. Moreover, the defendant in *Boone* had made a strong showing that his plea had been entered involuntarily. We cannot conclude that *Boone* held that a plea entered after the commencement of trial may be withdrawn for any nonfrivolous reason at any time before sentencing.

We think that the distinction which we draw between cases in which a defendant offers to plead guilty at an early stage of the proceedings and cases in which defendant does not plead guilty until after his trial has begun is a rational one and one which serves to protect defendants from entering ill-considered pleas while at the same time recognizing that the people of this state also have interests to be protected in this situation. Where a plea is offered after trial has begun, the state has expended time and money in preparing for trial, impaneling a jury, subpoenaing wit-

nesses, and making other preparations. If defendant's plea is then accepted, much of this investment is lost, and if defendant is then permitted to withdraw his plea for unsubstantial reasons or unsubstantiated nonfrivolous reasons, the same investment must be made again. In contrast, where the plea has been offered and accepted at a relatively early stage of the proceedings, the state has relatively little investment to be lost if defendant is permitted to withdraw his plea of guilty prior to sentencing even for unsubstantial reasons, and insist on his right to a trial and all of the rights and incidents guaranteed him at that trial. A standard of "great liberality" is far less appropriate where evidence, witnesses, and a jury have been brought together for defendant's trial, because it would permit defendants to play expensive and time-consuming delaying games with the criminal justice system. The distinction we draw here, as in *Banning,* will tend to prevent criminal defendants from engaging in these sorts of expensive and time-consuming delaying tactics.

With the foregoing discussion in mind, we turn to the reasons advanced by defendant in support of his motion to withdraw his plea. Defendant asserted that the trial judge had erred in denying defendant a continuance on the day of trial, and that defendant was therefore denied the effective assistance of counsel. Defendant asserts that his plea was the result of these two related factors. We conclude that the trial court's denial of a continuance was not erroneous, that defendant was not denied effective assistance of counsel, and that his plea was in no way caused by the trial court's ruling.

An examination of the record reveals that the Detroit Legal Aid and Defender's Office was ap-

pointed as counsel for defendant on September 24, 1974. This was after defendant had requested a previously appointed defense counsel to withdraw from the case after having represented defendant throughout several pretrial proceedings since defendant's arrest on April 2, 1974. An investigator from the Defender's Office interviewed defendant on October 1, 1974. Defendant's trial was set for October 7, but was adjourned for two days when the attorney representing him became ill. Another attorney from the Defender's Office was appointed to represent defendant on October 9. At his request, defendant's trial was continued until the following day.

Counsel met with defendant three times on that day, had a thorough discussion of the facts with defendant, and examined the file.

Prior to the start of defendant's trial on October 10, counsel requested a further adjournment. In response to questions by the trial court as to the necessity of an adjournment, defense counsel responded only that he wanted time to "research the law a little further" and to spend more time with defendant. Defense counsel made no assertion in conjunction with this rather nebulous argument that he was unfamiliar with the facts of the case or that he needed time to gather witnesses or otherwise prepare a possible defense. He concluded rather weakly that "That's all I have to offer". Under the circumstances, we cannot conclude that the trial court's denial of a further continuance constituted an abuse of discretion.

The court's implicit ruling that there was no real need for further preparation received substantial support at the post-plea hearing on defendant's motion when defense counsel testified that he had been prepared to go to trial, that the facts of

the case were rather simple, and that the best strategy available to handle the case was to attempt to delay. It is clear to us that the trial court's decision that there was in fact no need for a continuance was correct.

It is also clear, based on the testimony presented at the post-plea hearing, that defendant's argument that he was denied effective assistance of counsel is wholly without merit. Defense counsel admitted that he did not in fact need the continuance to prepare for trial and that he had in fact been prepared to go to trial on October 10. We note that there has never been any allegation or proof by defendant or any of his various attorneys of the existence of any unexplored defenses or relevant, unquestioned witnesses. To the extent that conclusions about the complexity of the case can be drawn from the prosecutor's presentation of a factual basis for defendant's plea of nolo contendere, it appears that the case, involving a daylight armed robbery of a jewelry store in which defendant had been identified as the assailant, was a simple one. It does not appear to us that an experienced public defender would require an enormous amount of time to prepare for the trial of this case. We conclude that the trial court's determination that defendant's attorney was prepared for trial was correct.

Having concluded that the trial judge was correct in finding that the issues raised by defendant in his motion to withdraw his plea were without merit, we must further conclude that the trial court did not abuse its discretion in denying defendant's motion to withdraw. We need not go on to determine specifically to what extent the issues raised by defendant were or were not waived by his plea of guilty, and we do not intend that this

opinion imply anything about the extent to which independent claims relating to the deprivation of rights occurring prior to a guilty plea may be raised by a subsequent motion to withdraw. Certainly the issues raised are not of the sort which reflect on the state's authority or ability to proceed with the trial, and thus are not independently preserved. *Cf. People v Alvin Johnson,* 396 Mich 424; 240 NW2d 729 (1976). Moreover, any argument that defendant's plea was the involuntary result of an erroneous ruling on defendant's motion for a continuance or a result of ineffective assistance of counsel would seem nearly untenable, since defendant rejected an offer to plead to unarmed robbery and instead insisted on pleading nolo contendere to armed robbery despite the sensible advice of his attorney on the record to the contrary. We see absolutely no support on this record for a conclusion that defendant's plea was other than knowing and voluntary, particularly in view of his trial counsel's advice and the trial court's lengthy explanation that a guilty plea and a nolo plea would have the same effect. Perhaps defendant's plea was the result of an attack of conscience. At any rate, defendant was able to establish no reason indicating that his plea was other than knowing, intelligent, and voluntary. Thus, the trial court's decision to deny defendant's motion to withdraw was no abuse of discretion and must be affirmed.

Defendant raises one additional argument. He claims that he may have been denied effective assistance of counsel at the post-plea hearing on his motion to withdraw because he was represented at that post-plea hearing by another representative of the Defender's Office. Defendant argues that since the attorney who was attempting

to show that defendant had been denied effective assistance of counsel at trial was in effect an office partner of his trial attorney, the potential conflict of interest prevented effective representation at the post-trial hearing. The issue thus raised is one which may be deserving of more extended discussion in an appropriate case. The issue has been the subject of some comment, at least from the point of view of the practitioner. See Webster, *The Public Defender, the Sixth Amendment, and the Code of Professional Responsibility: The Resolution of a Conflict of Interest,* 12 Amer Crim L Rev 739 (1975). In the instant case, we conclude only that defendant was not prejudiced. No claim is made here that all of the facts relevant to the issues raised in defendant's motion to withdraw were not brought out at the evidentiary hearing, nor is there any claim that other issues should have been raised. Moreover, defendant himself appears to have taken a hand in the post-trial proceedings, engaging in argument as well as testimony on his motion. The trial judge appears to have been aware of the possibility of a conflict of interest and took a hand in insuring that all the relevant facts were brought out at the hearing. The evidence on the issues was thoroughly explored and the trial court ruled adversely to defendant. On the record before us, we see no reason to disturb the trial court's rulings.

In a supplemental brief, defendant claims that the trial court failed to state on the record his reasons for believing that the interests of defendant and the proper administration of justice did not require interrogation of defendant regarding his participation in the crime. See *Guilty Plea Cases,* 395 Mich 96, 132–135; 235 NW2d 132 (1975). Defendant asserts that a remand for supplementa-

tion of the record in this regard is required. We think that such a procedure is unnecessary in this case, as the trial court's reasons for accepting the plea are apparent on the record. Defendant refused to plead guilty to unarmed robbery and insisted on pleading nolo contendere to armed robbery, even after the consequences of the two pleas were explained to him and against the advice of his attorney. Since the record reveals clearly that defendant's nolo contendere plea was accepted for adequate reasons, a remand would be a useless formality.

Affirmed.