PEOPLE v McCLAIN

CRIMINAL LAW—PLEA OF GUILTY—WITHDRAWAL OF PLEA—LIBERALITY
    —ABUSE OF DISCRETION.
>    A trial court should construe with great liberality the request of
        a defendant to withdraw his plea of guilty prior to sentencing
        where the defendant advises the court that he is not guilty;
        refusal of a trial court to allow a defendant to withdraw his
        guilty plea was an abuse of discretion where the defendant
        explained that he pled guilty only because of the influence of
        his counsel, that he did not commit the crime, and that he
        wanted the police to investigate the crime and discover the
        perpetrator.

Appeal from Recorder's Court of Detroit, Clarence Laster, Jr., J. Submitted February 11, 1977, at Detroit. (Docket No. 28551.) Decided April 5, 1977.

James J. McClain was convicted, on his plea of guilty, of second-degree murder. Defendant appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward R. Wilson,* Research, Training & Appeals, and *Arthur N. Bishop,* Assistant Prosecuting Attorney, for the people.

*Lawrence S. Strauss,* for defendant on appeal.

REFERENCES FOR POINTS IN HEADNOTE

21 Am Jur 2d, Criminal Law §§ 491, 503–506.

Comment note.—Right to withdraw guilty plea in state criminal
    proceeding where court refuses to grant concession contemplated
    by plea bargain. 66 ALR3d 902.

Before: M. J. KELLY, P. J., and J. H. GILLIS and R. M. MAHER, JJ.

PER CURIAM. Defendant, charged with first-degree murder, MCLA 750.316; MSA 28.548, pled guilty on January 22, 1976, before the late Judge Donald S. Leonard to the offense of second-degree murder, MCLA 750.317; MSA 28.549, pursuant to a plea bargain. On February 6, 1976, defendant was brought before Judge Clarence Laster for sentence. Defendant was advised that Judge Leonard was ill and that Judge Laster was going to pronounce sentence. Defendant and his counsel then asked that defendant be allowed to withdraw his plea of guilty and proceed to trial. It is rather obvious from a reading of the transcript that defendant and his counsel were displeased with the fact that defendant was not going to be sentenced by Judge Leonard whom they considered to be a lenient sentencer. Defendant then went on to explain to the court that the only reason that he pled guilty was because of the influence of his counsel; that he did not commit the crime; and that he wanted the police department to investigate the crime and "see who did it". The trial court declined to allow defendant to withdraw the plea and proceeded to sentence him.

No authority need be cited for the proposition that the trial court should construe with great liberality the request of the defendant to withdraw his plea prior to sentence when the defendant advises the court that he is not guilty. It was an abuse of discretion on the part of the trial court to refuse the withdrawal of this plea.

Reversed and remanded for trial on the original charge of first-degree murder.