PEOPLE v HATCHER

Docket No. 77-851. Submitted February 8, 1978, at Detroit.—Decided May 10, 1978.

Robert L. Hatcher, Jr., pled guilty to one count of first-degree criminal sexual conduct as part of a plea bargain. After the plea was accepted, but before sentencing, defendant moved to withdraw the plea, asserting that he had not committed the offense with which he was charged. The Lapeer Circuit Court, Martin E. Clements, J., denied the motion for withdrawal. Defendant appeals. *Held:*

The denial of the motion to withdraw the guilty plea was an abuse of discretion where the motion was made before sentencing, with an assertion of innocence, and was not obviously frivolous. Motions made in such circumstances are to be treated with great liberality.

Remanded for entry of an order allowing withdrawal of the plea.

M. J. KELLY, P. J., would affirm the denial on the basis that the request was made only after the defendant had been refused a one-month delay in sentencing and without the prior knowledge of the defendant's attorney.

OPINION OF THE COURT

1. CRIMINAL LAW—PLEA OF GUILTY—WITHDRAWAL OF PLEA.

A motion by a defendant to withdraw a previously accepted plea of guilty should be granted when a defense of innocence is asserted at the time of the request, when the request is not obviously frivolous and when the request is made before sentencing.

DISSENT BY M. J. KELLY, P. J.

2. CRIMINAL LAW—PLEA OF GUILTY—WITHDRAWAL OF PLEA.

*A defendant's request to withdraw his plea of guilty because of his asserted innocence, made after the plea had been accepted*

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 21 Am Jur 2d, Criminal Law §§ 503–506.

*but before sentencing, should be denied where the request was
made after the defendant was refused a one-month delay in
sentencing, and where the defendant's attorney was not previ-
ously made aware that the defendant was going to request
withdrawal of the plea.*

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, and *Edward B.
Meth,* Prosecuting Attorney, for the people.

*Taylor, Carter, Butterfield, Riseman & Clark,
P. C.* (by *John G. Strand),* for defendant on appeal.

Before: M. J. Kelly, P. J., and T. M. Burns and
R. M. Maher, JJ.

Per Curiam. Defendant was arraigned on two
counts of first-degree criminal sexual conduct. A
plea bargain was reached whereby defendant
agreed to plead guilty to one count of first-degree
criminal sexual conduct provided that the maxi-
mum sentence the court could impose would be 15
years. On January 10, 1977, the court took the
guilty plea under advisement.

On February 7, 1977, the date set for acceptance
of the plea and sentencing, defendant moved, after
the plea was accepted but before sentencing, to
withdraw his plea. He asserted he had not commit-
ted the offense with which he was charged. The
trial court denied the motion.

Withdrawal of a guilty plea must be considered
with great liberality. *People v Lewandowski,* 394
Mich 529; 232 NW2d 173 (1975). The motion to
withdraw a plea should be granted when a defense
of innocence is asserted at the time of the request,
when the request is not obviously frivolous and
when the request is made before sentencing. *Peo-
ple v Flanagan,* 72 Mich App 613; 249 NW2d 872
(1976), *People v Thomas,* 66 Mich App 594; 239

NW2d 427 (1976). *Cf. People v Bencheck,* 360 Mich 430; 104 NW2d 191 (1960).

In the instant case, the defendant's motion to withdraw was made before sentencing and was made with an assertion of innocence. It was not obviously frivolous. Since motions made in such circumstances are treated with great liberality, it was an abuse of discretion not to grant the motion to withdraw the plea. The case is remanded for an order allowing withdrawal of the plea and a new trial.

We are not persuaded that the Supreme Court's order in *People v McClain,* 402 Mich 824; 260 NW2d 287 (1977), reversing the judgment of this Court appearing at 81 Mich App 84; 264 NW2d 1 (1976), requires a different result in this case. In *McClain* the obvious reason for the defendant's sudden desire to withdraw his plea was the change in sentencing judges. Defendant's reason in *McClain* bordered on the frivolous. It was certainly not legitimate. Defendant's reason here was not frivolous. The factual pattern in *McClain* is unique and should not be used to fashion new rules concerning the withdrawal of guilty pleas.

Remanded for proceedings consistent with this opinion.

M. J. KELLY, P. J. *(dissenting).* I would affirm. I think the reason given in *People v McClain,* 81 Mich App 84; 264 NW2d 1 (1976), *reversed,* 402 Mich 824; 260 NW2d 287 (1977), was far more substantive than the reason given in the case at bar. This first came up after the defendant was refused a one-month delay in sentencing. It was the first time his attorney was made aware of it. See *People v Bovee,* 60 Mich App 727; 231 NW2d 529 (1975).