PEOPLE v PRICE

Docket No. 77-510. Submitted June 15, 1978, at Lansing.—Decided August 7, 1978. Leave to appeal applied for.

Albert Price, Jr., was convicted, on his plea of guilty, of second-degree murder. Prior to sentencing, the defendant moved to withdraw his guilty plea. The trial court denied the motion and sentenced the defendant to life imprisonment, Saginaw Circuit Court, Fred J. Borchard, J. The defendant appeals. *Held:*

The trial court did not abuse its discretion in denying the defendant's motion to withdraw his plea. The standard that a withdrawal of a plea of guilty should be granted with "great liberality" does not apply here where the defendant did not enter his plea until trial was ready to commence and the prosecution had gone to great expense in preparing for trial and the reasons underlying the request to withdraw the plea. are frivolous.

Affirmed.

1. CRIMINAL LAW—PLEAS OF GUILTY—MOTIONS—WITHDRAWAL OF PLEAS—"GREAT LIBERALITY" STANDARD.

No absolute right to withdraw a guilty plea exists in Michigan; however, a motion for withdrawal of a guilty plea should be granted with "great liberality" when made prior to sentencing.

2. CRIMINAL LAW—PLEAS OF GUILTY—MOTIONS—WITHDRAWAL OF PLEAS—COMMENCEMENT OF TRIAL—FRIVOLOUS REASONS FOR WITHDRAWAL.

The standard that a defendant's motion for a withdrawal of his plea of guilty should be granted with great liberality when the request is made prior to sentencing is inappropriate where the defendant's plea was offered after trial had begun and the reasons underlying the request to withdraw the plea are frivolous.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 21 Am Jur 2d, Criminal Law §§ 503–506.

Withdrawal of plea of guilty or nolo contendere, under Rule 32 (d) of Federal Rules of Criminal Procedure, before sentence. 6 ALR Fed 665.

*Frank J. Kelley,* Attorney General, *Robert A Derengoski,* Solicitor General, *Robert L. Kaczmarek,* Prosecuting Attorney, and *Peter C. Jensen,* Assistant Prosecuting Attorney, for the people.

*Kim R. Fawcett,* Assistant State Appellate Defender, for defendant on appeal.

Before: D. E. HOLBROOK, P. J., and M. J. KELLY and P. J. Marutiak,* JJ.

M. J. KELLY, J. Defendant stands convicted by his plea of guilty to an amended information charging one count of second-degree murder, MCL 750.317; MSA 28.549, arising from his participation in a multiple murder in Saginaw, Michigan. Prior to sentencing, defendant moved to withdraw his plea of guilty. This motion was denied by the trial court which subsequently sentenced defendant to life imprisonment. Defendant raises three issues in this appeal. We find the second and third issues to be meritless and therefore address only his first issue.

It is the defendant's contention that the trial court erred when it refused his request to withdraw his guilty plea. We find no error and affirm the trial court.

No absolute right to withdraw a guilty plea exists in Michigan. *People v Cochrane,* 40 Mich App 316; 198 NW2d 417 (1972). The Supreme Court, however, has ruled that a motion for withdrawal of a guilty plea should be granted with "great liberality" when made prior to sentencing in *People v Lewandowski,* 394 Mich 529, 530; 232 NW2d 173 (1975), which affirmed *People v Bencheck,* 360 Mich 430, 433; 104 NW2d 191 (1960),

---

* Circuit judge, sitting on the Court of Appeals by assignment.

*People v Zaleski,* 375 Mich 71, 79; 133 NW2d 175 (1965).

We believe the facts and circumstances of the present case place the defendant outside the scope of the cited rule. The cases cited in *Bencheck and Zaleski,* evidencing reasons sufficient to grant a presentence motion to withdraw a plea, involved pleas accepted before trial had begun and which included either assertions of innocence made by the defendant in conjunction with the motion to withdraw or else assertions of serious deprivations of defendant's rights. *People v Case,* 340 Mich 526; 65 NW2d 803 (1954), *People v Banning,* 329 Mich 1; 44 NW2d 841 (1950). Thus, the statement of the rule in *Bencheck and Zaleski,* and particularly the cases from which that rule was derived, indicate that the "great liberality" standard is inappropriate where defendant's plea was offered after trial had begun and the reasons underlying the request to withdraw the plea are frivolous. *People v Love,* 72 Mich App 413; 250 NW2d 94 (1976).

This conclusion derives added support when the recent case of *People v McClain,* 81 Mich App 84; 264 NW2d 1 (1977), is considered. In that case, a panel of this Court held that the trial court should construe with great liberality the request of a defendant to withdraw his plea of guilty even though it appears that the withdrawal of the plea was motivated solely by the desire not to be sentenced by a judge who was temporarily replacing the judge who had originally accepted the guilty plea. In a peremptory order, the Supreme Court reversed, stating only that the trial court had not abused its discretion in refusing to withdraw the plea. This holding suggests that the "great liberality" standard is inapplicable even where the request to withdraw the guilty plea is made prior to

sentencing yet appears patently frivolous. *People v McClain,* 402 Mich 824; 260 NW2d 287 (1977).

In the present case, we do not believe the defendant's assertion that his plea was coerced because of his incarceration prior to trial, for the record indicates that his plea was knowing and voluntary. Nor do we believe that the defendant should profit by his use of delaying tactics. The defense had over one year to prepare the case and the state's offer of a plea to an amended information was made well in advance of trial. Nonetheless, the defendant's plea of guilty was entered on the day of trial. In the meantime, all was in readiness for the trial. The case had been removed to Macomb County and the Macomb County Circuit Court had supplied 75 jurors, a courtroom and a court reporter. In addition, hotel rooms had been reserved for the many witnesses who appeared from Saginaw and a pathologist had been flown in from Washington, D.C. By "sitting on" his plea until the last moment, the defendant engaged in a time consuming and expensive delaying game with the criminal justice system. We refuse to sanction such tactics.

Where a plea is offered after trial has begun, the state has expended time and money in preparing for trial, drawing and summoning jurors, subpoenaing witnesses, and making other preparations. If defendant's plea is then accepted, much of this investment is lost and if the defendant is permitted to withdraw his plea for unsubstantial reasons or unsubstantiated nonfrivolous reasons, the same investment must be made again. Thus, as noted above, a standard of "great liberality" is inappropriate where, as here, evidence, witnesses and jury have been brought together for defendant's trial.

We therefore find no error in the trial court's refusal to allow the defendant to withdraw his plea of guilty.

Affirmed.