PEOPLE v BENTLEY

Docket No. 78-941. Submitted June 8, 1979, at Lansing.—Decided
    November 21, 1979.

Nancy Bentley pled guilty to a charge of delivery of a controlled
    substance. Prior to being sentenced she moved to withdraw her
    guilty plea alleging that she was under great emotional stress
    due to the illness of her mother who was in Florida. Motion·
    denied, Oakland Circuit Court, Alice L. Gilbert, J. Defendant
    appeals. *Held:*

    A motion for withdrawal of a guilty plea should be granted
    where a defense of innocence is asserted at the time of the
    request, the request is not obviously frivolous and the request is
    made before sentencing. A review of the transcript of the plea-
    taking proceedings and court records indicates that defendant's
    claims of emotional distress and reliance on prosecutorial coop-
    eration in permitting her to visit her sick mother in Florida
    after the plea cannot be considered patently frivolous. Further-
    more, she asserted her innocence and did so before sentencing.

    Reversed.

    V. J. Brennan, J., dissented. He would hold that defendant
    clearly understood the plea-taking proceedings, there was no
    showing of emotional distress, and the reasons given for with-
    drawing the plea were obviously frivolous. He would affirm.

OPINION OF THE COURT

1. Criminal Law — Plea of Guilty — Withdrawal — Discretion.
    A defendant may withdraw a guilty plea as a matter of right
    prior to the court's acceptance; after the plea has been ac-
    cepted, withdrawal becomes a matter addressed to the sound
    discretion of the court.

2. Criminal Law — Plea of Guilty — Withdrawal — Defense of
    Innocence — Nonfrivolous Request — Liberality Rule.
    A motion for withdrawal of a guilty plea should be treated with

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law § 503 *et seq.*
[2] 21 Am Jur 2d, Criminal Law § 504.
[3] 21 Am Jur 2d, Criminal Law § 505.

great liberality; where a defense of innocence is asserted at the time of the request, the request is not obviously frivolous and the request is made before sentencing, the motion to withdraw a guilty plea should be granted.

DISSENT BY V. J. BRENNAN, J.

3. CRIMINAL LAW — PLEA OF GUILTY — WITHDRAWAL — FRIVOLOUS REQUEST.

*An order denying withdrawal of a plea of guilty should be affirmed where a review of the transcript of the hearing for the motion to withdraw the plea indicates that defendant had a very clear understanding of the proceedings at which the guilty plea was taken, with defendant answering all questions without prodding, articulating statements of greater length than a simple yes or no, and with no showing of any emotional distress; the request to withdraw the plea was obviously based on frivolous grounds.*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief Appellate Counsel, and *Jeffrey Butler,* Assistant Prosecuting Attorney, for the people.

*Cohn & Murphy,* for defendant.

Before: DANHOF, C.J., and V. J. BRENNAN and H. R. CARROLL,* JJ.

PER CURIAM. Defendant pled guilty to a charge of delivery of a controlled substance, contrary to MCL 335.341(1)(a); MSA 18.1070(41)(1)(a), on December 14, 1977. On February 15, 1978, prior to being sentenced, defendant moved to withdraw her guilty plea, alleging that she was innocent and that at the time she pled guilty she was under great emotional stress. The trial court denied the motion. Defendant appeals as of right.

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

At the time defendant pled guilty, her mother was seriously ill in Florida. In her motion defendant stated that she was innocent of the charge to which she pled guilty but that she had been under considerable emotional stress due to the illness of her mother. It was her understanding at the time of the plea that if she pled guilty she would be permitted to leave the State of Michigan. A review of the guilty plea transcript tends to substantiate defendant's claim. Before pleading guilty, defendant stated that the prosecution had promised that she would be allowed to leave the state. The prosecution qualified that by saying that, once the plea was taken, it would not oppose her leaving the state to visit a very sick parent if she could make bond. However, the prosecution also pointed out that this was not a part of the plea agreement. On this basis, defendant pled guilty to delivery of a controlled substance. Immediately thereafter, the prosecution stated to the court that it was not opposed to defendant leaving the state. The court records in the instant case indicate that defendant was, in fact, permitted to leave the state. Upon her return, she filed the instant motion which forms the basis of this appeal.

In Michigan, a defendant's withdrawal of her guilty plea is a matter of right when it occurs prior to the court's acceptance. *People v Serr,* 73 Mich App 19; 250 NW2d 535 (1976). After the plea has been accepted, withdrawal is within the sound discretion of the court. *Id.* However, such motions are to be treated with great liberality. *People v Hatcher,* 83 Mich App 307; 268 NW2d 389 (1978), *People v Price,* 85 Mich App 57; 270 NW2d 707 (1978). In this regard, our Supreme Court has said that where "* * * a defense of innocence is asserted at the time of a request to withdraw a plea, and the request is not obviously frivolous and is

made before the commencement of trial and before sentence, the plea *[sic]* should be granted". *People v Bencheck,* 360 Mich 430, 433; 104 NW2d 191 (1960), *People v Lewandowski,* 394 Mich 529; 232 NW2d 173 (1975), *People v Love,* 72 Mich App 413; 250 NW2d 94 (1976), *People v Hayes,* 70 Mich App 580; 246 NW2d 154 (1976). Defendant's claim in the instant case cannot be considered patently frivolous. See *e.g., People v Hayes, supra.* Moreover, she asserted her innocence and did so prior to sentencing. Hence, her motion for withdrawal falls squarely within the guidelines set out in *Bencheck, supra.*

The dissent argues that the Supreme Court's decision in *People v McClain,* 402 Mich 824; 260 NW2d 287 (1977), *rev'g* 81 Mich App 84; 264 NW2d 1 (1977), precludes our decision today. However, we read *McClain* differently than does the dissent. In that case, this Court noted that a major reason for defendant's decision to withdraw his plea was the identity of the sentencing court. *People v McClain,* 81 Mich App at 85. This is similar to the situation where defendant's desire to withdraw his plea was motivated by the length of the sentence imposed which this Court has also rejected. *People v Serr, supra.*

Accordingly, the lower court's decision is reversed.

V. J. BRENNAN, J. *(dissenting).* Defendant pled guilty to a charge of delivery of a controlled substance, contrary to MCL 335.341(1)(a); MSA 18.1070(41)(1)(a), on December 14, 1977. On February 15, 1978, prior to being sentenced, defendant moved to withdraw her guilty plea alleging that she was innocent and that, at the time she pled guilty, she was under great emotional stress. The

trial court denied defendant's motion. Defendant appeals as of right.

This case should be affirmed. A review of the transcript indicates a very clear understanding of the proceedings with defendant answering all questions fully without court prodding. As stated by the trial court: "Nancy Bentley participated in the exchange between the court and herself by more than just saying yes or no to the court's questions. She actually articulated statements at greater length than just a simple yes or no that is normally taken by some other judges in taking of the pleas."

The reason she now advances for the withdrawal of her plea, *i.e.,* to visit her mother, can only be regarded as frivolous. She could have sought permission to leave the state while on bond without pleading guilty. There is no showing of any emotional distress.

A similar case where this Court allowed withdrawal, *People v McClain,* 81 Mich App 84; 264 NW2d 1 (1977), was reversed in an order of the Supreme Court, 402 Mich 824; 260 NW2d 287 (1977). Clearly an abuse of discretion can not be found where the record indicates that the reasons advanced for withdrawal lack substance. *People v Thomas (After Remand),* 83 Mich App 235; 268 NW2d 356 (1978).

I would affirm.