PEOPLE v RUSH

Docket No. 47270. Submitted February 6, 1981, at Lansing.—Decided March 17, 1981. Leave to appeal denied, 411 Mich 985.

Geraldine Rush was convicted, on her plea of guilty, of five counts of knowingly retaining or securing a credit card without the consent of the cardholder, Ingham Circuit Court, Thomas L. Brown, J. Defendant appeals, alleging that the court abused its discretion in refusing to grant her motion to withdraw her plea which was made prior to sentencing. *Held:*

Defendant testified at the hearing on the motion that she was innocent of the charges and had pled, upon the advice of her attorney, to take advantage of a plea bargain. Under the circumstances, the motion should have been allowed.

Reversed and remanded.

BEASLEY, J., concurred in the result, noting that cases to the contrary were disposed of by one-sentence orders. He believes that the Supreme Court, where it intends to change the law by reversing long established precedent, would do so in a full opinion reciting reasons for the reversal and that brief orders appearing to overturn established law should not be treated as precedent.

OPINION OF THE COURT

1. CRIMINAL LAW — PLEA OF GUILTY — WITHDRAWAL OF PLEA.

A motion by a defendant to withdraw a previously accepted plea of guilty should be granted where a defense of innocence is asserted at the time of the request, where the request is not obviously frivolous and where the request is made before sentencing.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law §§ 503-506.

Withdrawal of plea of guilty or nolo contendere, under Rule 32 (d) of Federal Rules of Criminal Procedure before sentence. 6 ALR Fed 665.

[2] 20 Am Jur 2d, Courts § 189.

Concurrence by Beasley, J.

2. Appeal — Precedent — Orders.

> The Supreme Court, where it intends to change the law by reversing long established precedent, would do so in a full opinion reciting reasons for the reversal; brief orders appearing to overturn established law should not be treated as precedent.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Peter D. Houk,* Prosecuting Attorney, *Charles M. Siebert,* Chief Appellate Attorney, and *Janis L. Blough,* Assistant Prosecuting Attorney, for the people.

*P. E. Bennett,* Assistant State Appellate Defender, for defendant on appeal.

Before: DANHOF, C.J., and MAHER and BEASLEY, JJ.

PER CURIAM. Defendant pled guilty to five counts of knowingly retaining or securing a credit card without the consent of the cardholder, MCL 750.157n; MSA 28.354(14). She was sentenced to five concurrent prison terms of from 32 to 48 months and appeals as of right.

Defendant now contends that the trial court abused its discretion in refusing to grant her motion to withdraw her guilty plea. The motion was made prior to sentencing.

The plea proceeding took place on February 20, 1979. Defendant pled guilty pursuant to a plea bargain whereby the prosecution agreed not to bring habitual offender charges. Three days later, defendant filed a written motion to withdraw the plea. On February 28, 1979, a hearing was conducted on the plea withdrawal motion and an additional motion by defense counsel to withdraw from the case. Defendant testified that she was innocent of the charges and pled guilty to take advantage of the plea bargain. She claimed that

she repeatedly told her attorney that she was innocent and that he convinced her to plead guilty anyway. The court then granted the attorney's motion to withdraw from the case and took defendant's motion to withdraw her plea under advisement.

On May 9, 1979, the court again heard argument on the plea withdrawal motion. The prosecution requested a ruling that defendant's former attorney be allowed to testify regarding conversations with defendant. The court held that, because defendant, at the prior proceeding, accused her former counsel of unethical conduct, she waived the attorney-client privilege. Another hearing took place on May 30, 1979, and defendant's former attorney testified that, while she had claimed innocence at times, she had also informed him of facts which indicated that she was guilty. He stated that he discussed the charges, the possibility of a trial and the plea bargain with defendant and that she did not assert her innocence on the date of the plea. The trial court denied the motion to withdraw the plea at the close of this hearing. In reaching his decision, the judge cited a number of factors, including defendant's statements at the plea proceeding which indicated that she understood the charges and the possible penalty as well as the rights waived by a guilty plea, her failure to claim innocence at the plea proceeding and the fact that the plea bargain was favorable to her. The court also found the former defense counsel's testimony credible and concluded that defendant's withdrawal motion was frivolous.

A defendant has no absolute right to withdraw a guilty plea once it is accepted. *People v Bentley,* 94 Mich App 19; 287 NW2d 355 (1979). However, the trial court must treat a plea withdrawal motion

with great liberality if it comes before sentencing. *People v Hatcher*, 83 Mich App 307, 308; 268 NW2d 389 (1978). In *People v Bencheck*, 360 Mich 430, 433; 104 NW2d 191 (1960), the Supreme Court stated:

"Where, as here, a defense of innocence is asserted at the time of a request to withdraw the plea, and the request is not obviously frivolous and is made before commencement of trial and before sentence, the plea should be granted. The right we deal with here is the right to a jury trial, and even what may prove a well-founded belief in defendant's guilt on the part of the trial judge should not impede the exercise of that right."

Doubts regarding substantiation of the reasons for withdrawal are to be resolved in the defendant's favor. *People v Thomas (After Remand),* 83 Mich App 235; 268 NW2d 356 (1978).

In the present case, defendant's motion for withdrawal was made prior to sentencing and was accompanied by a claim of innocence. The crucial inquiry was whether the motion was obviously frivolous. An affirmative answer to that question hinged upon a finding that defendant was lying when she testified that she was innocent, continually told her attorney she was innocent and was convinced by her attorney to plead guilty despite her innocence. Under the circumstances here, we believe that the liberality standard and the rule requiring resolution of doubts in favor of defendant operated to preclude a holding that defendant's motion was obviously frivolous. Therefore, the trial court abused its discretion in refusing to grant defendant's motion to withdraw her plea. We remand this case to the trial court with the

instruction that defendant be allowed to withdraw her plea and proceed to trial.

Reversed and remanded.

DANHOF, C.J., and R. M. MAHER, J. concurred.

BEASLEY, J. *(concurring).* I concur in the result.

*People v McClain,* 402 Mich 824; 260 NW2d 287 (1977), *rev'g* 81 Mich App 84; 264 NW2d 1 (1977), and which appears to reverse *People v Bencheck,* 360 Mich 430; 104 NW2d 191 (1960), is another one-sentence order included under the section entitled "Actions on Applications for Leave to Appeal from the Court of Appeals".

Where, as here, and as in *People v Van Dorsten,* 409 Mich 942 (1980), *rev'g* 96 Mich App 356; 292 NW2d 134 (1979), these brief orders appear to reverse long established precedent, I do not believe the Supreme Court intends that we treat them as precedent. I would anticipate that where the Supreme Court desires to change the direction of the law, it will do so in a full opinion reciting reasons.

For this reason, I join with the majority and disregard *McClain, supra.*[1]

---

[1] Other panels of this Court have attempted to reconcile the contrary results in *People v Bencheck, supra,* and *People v McClain, supra.* See, *People v Hatcher,* 83 Mich App 307; 268 NW2d 389 (1978), *People v Price,* 85 Mich App 57; 270 NW2d 707 (1978), *People v Bentley,* 94 Mich App 19; 287 NW2d 355 (1979).