PEOPLE v RUEZ

Docket No. 104900. Submitted June 21, 1988, at Grand Rapids. Decided December 6, 1988.

Olivio Ruez, Jr., pled guilty in the Muskegon Circuit Court to possession with intent to deliver cocaine. The trial court, R. Max Daniels, J., sentenced defendant to from twenty to thirty years imprisonment. Defendant appealed alleging error in the denial of his motion to withdraw his plea which was made after trial commenced, the jury was selected and the opening statements were made.

The Court of Appeals *held:*

1. The trial court properly found that the defendant's reasons for withdrawal of his plea were frivolous.

2. The trial court properly advised the defendant of the sentence mandated by statute.

Affirmed.

M. G. HARRISON, J., concurred and noted his belief that, in light of the modern plea process, the plea-withdrawal process should place on the defendant the burden of persuading the trial court by clear and convincing evidence that there is merit to the request to withdraw the plea and should be limited to circumstances which go to the inherent trustworthiness of the plea itself.

1. CRIMINAL LAW — GUILTY PLEAS — WITHDRAWAL OF PLEA.

There is no absolute right to withdrawal of a guilty plea; a trial judge need not grant an obviously frivolous request to withdraw a guilty plea.

2. CRIMINAL LAW — GUILTY PLEAS — WITHDRAWAL OF PLEAS.

A trial judge's discretion to grant a request to withdraw a plea of guilty should be exercised with great liberality when such request is made before trial and sentencing; the great liberality

REFERENCES

Am Jur 2d, Criminal Law §§ 500 *et seq.*

Withdrawal of plea of guilty or nolo contendere, after sentence, under Rule 32(d) of Federal Rules of Criminal Procedure. 9 ALR Fed 309.

standard is inappropriate where the witnesses and a jury have been brought together for the defendant's trial.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Harold F. Closz,* Prosecuting Attorney, and *Kevin A. Lynch,* Assistant Prosecuting Attorney, for the people.

*Patricia Slomski,* for defendant.

Before: MACKENZIE, P.J., and BEASLEY and M. G. HARRISON,* JJ.

PER CURIAM. Defendant pled guilty to possession with intent to deliver cocaine, MCL 333.7401(1); MSA 14.15(7401)(1), and was sentenced to twenty to thirty years imprisonment. He appeals as of right.

Defendant argues that he should be allowed to withdraw his guilty plea on the basis of his claim of innocence made after the plea-taking proceeding and the trial court's alleged failure to advise defendant of its lack of discretion in the sentence to be imposed until the end of the plea-taking proceeding. Both arguments are meritless.

There is no absolute right to withdrawal of a guilty plea. *People v Case,* 340 Mich 526; 65 NW2d 803 (1954); *People v Cochrane,* 40 Mich App 316; 198 NW2d 417 (1972). While the trial judge's discretion should be exercised with great liberality when such request is made before trial and sentence, the trial judge need not grant such request, even when made before trial and sentence and although innocence is asserted, when persuaded that the request is obviously frivolous. *People v Lewandowski,* 394 Mich 529, 530; 232 NW2d 173 (1975); *People v Zaleski,* 375 Mich 71, 79; 133

* Circuit judge, sitting on the Court of Appeals by assignment.

NW2d 175 (1965). The "great liberality" standard is inappropriate where witnesses and jury have been brought together for defendant's trial. *People v Price,* 85 Mich App 57, 60; 270 NW2d 707 (1978), lv den 405 Mich 819 (1979).

We first note that in the instant case trial had already commenced, the jury had been selected and opening statements made, when defendant elected to change his plea to guilty. The court followed proper procedure in eliciting the guilty plea from defendant. Furthermore, in deciding defendant's motion to withdraw the plea, the court explicitly found that the statements made by defendant were more detailed than required to find him guilty, that defendant was aware of what the sentence would be given the mandatory nature and lack of sentencing discretion for the offense, and that any stress defendant may have been under at the time of pleading was not unusual for a defendant charged with such a serious crime. The court also noted that defendant gave no indication that there was anything he did not understand at the plea-taking proceeding and the motion was denied. The circumstances of *People v Hollman,* 12 Mich App 231, 235; 162 NW2d 817 (1968), app dis 381 Mich 791 (1969), where trial had not commenced and the record reflected "grave suspicion upon the veracity and voluntariness of the guilty plea" are not present here. Defendant has made no claim of involuntariness. We agree with the trial court that defendant's reasons for withdrawal of his plea are frivolous.

Defendant also argues that the trial court "confused" defendant by not advising him of the court's lack of sentencing discretion until the end of the plea proceeding. A review of that proceeding shows that the information was read to defendant at the outset of the plea-taking proceeding, includ-

ing the fact that the offense "bear[s] a minimum sentence of 20 years and a maximum of up to 30." A few minutes later the court directly asked defendant: "Do you understand it's a felony and it carries a maximum penalty of 30 years in prison and a minimum of 20 years in prison?" Defendant replied: "Yes, sir." The court repeated the minimum and maximum terms at least two more times before the conclusion of the hearing. We find no error.

Affirmed.

M. G. HARRISON, J. *(concurring).* I concur, but write to express my concern over past application of the great liberality standard. The genesis of this term is apparently from *People v Bencheck,* 360 Mich 430; 104 NW2d 191 (1960), and the reasons for its existence have received little careful analysis since that time. The focus in many subsequent decisions is on the application of "great liberality," *People v Ferns,* 72 Mich App 479; 249 NW2d 868 (1976); *People v Hatcher,* 83 Mich App 307; 268 NW2d 389 (1978), lv den 405 Mich 823 (1979); *People v Bentley,* 94 Mich App 19; 287 NW2d 355 (1979), lv den 410 Mich 860 (1980); *People v Rush,* 104 Mich App 668; 305 NW2d 288 (1981), lv den 411 Mich 985 (1981); *People v Sanders,* 112 Mich App 585; 316 NW2d 266 (1982), lv den 413 Mich 917 (1982). This approach more often than not leads to an obvious result.

*Bencheck* was decided before the adoption of the meticulous rule relating to the acceptance of guilty pleas. At the time of *Bencheck,* the rule was summary in nature and there was no requirement for a factual recitation by the defendant before acceptance of a plea. Unfortunately, the well-reasoned opinion of *People v Lewandowski,* 58 Mich App 18; 226 NW2d 843 (1975), evidently fell on

deaf ears, as it was reversed by the Supreme Court, 394 Mich 529; 232 NW2d 173 (1975). More recently, the additional protections of *People v Killebrew,* 416 Mich 189; 330 NW2d 834 (1982), have been made available to defendants.

Our criminal justice system has accorded defendants right after right, each perceived to be of constitutional proportions, which have distorted the delicate balance necessary for a fair and just system. Like a glacier which creeps forward and never retreats, every new addition is barely noticeable until placed in perspective. The plea-withdrawal process is such an example. We mandate a "fairness" to felons who admit guilt through a strict plea process requiring the accepting judge to ascertain knowledge of a defendant's rights and to be satisfied of his or her complicity in the offense charged. Often this is done under oath. Yet, when the consequences are apparent, we permit the defendant to blithely assert innocence with the expectation of a second opportunity. Such an approach, in my opinion, demonstrates disregard for the system as a whole and erodes public confidence in the judicial process.

In light of the modern plea process, the plea-withdrawal process should place on the defendant the burden of persuading the trial court by clear and convincing evidence that there is merit to the request to withdraw the plea and should be limited to circumstances which go to the inherent trustworthiness of the plea itself such as the mental capacity of the defendant.