PEOPLE *v.* CLYNE

1. Criminal Law—Sentences—Deferred Sentence—Probation—
Summary Hearing.

A person granted probation is entitled to a summary hearing
before his probation can be revoked; however, a person con-
victed of a crime is not entitled to a summary hearing where
sentencing has only been delayed.

2. Criminal Law—Sentencing—Deferred Sentence—Probation.

Defendant, convicted of a crime, was not placed on probation
by the trial court's delaying sentencing for a period of six
months and the requirements that the defendant refrain.
from drinking alcoholic beverages, stay away from bars and
taverns, and report weekly to a probation officer, where the
requirements were imposed to aid the court's determination
whether the defendant would be eligible for probation when
the six-month period ended (MCLA §§ 771.1, 771.4).

Appeal from Muskegon, Albert J. Engel, J. Sub-
mitted Division 3 September 9, 1971, at Grand
Rapids. (Docket No. 10668.) Decided September
29, 1971.

Carol Ann Clyne was convicted, on her plea of
guilty, of larceny from the person of another. De-
fendant appeals. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law § 568.
Right to notice and hearing before revocation of suspension
of sentence, parole, conditional pardon, or probation. 29
ALR2d 1074.
[2] 21 Am Jur 2d, Criminal Law §§ 525, 562 *et seq.*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Paul M. Ladas,* Prosecuting Attorney, and *Richard J. Farabaugh,* Assistant Prosecuting Attorney, for the people.

*John C. Ruck,* for defendant on appeal.

Before: HOLBROOK, P. J., and McGREGOR and T. M. BURNS, JJ.

PER CURIAM. On April 9, 1970, by her plea of guilty, defendant was convicted of larceny from the person.[1] On June 5, 1970, the trial court delayed the imposition of sentence for a period of six months. MCLA § 771.1 (Stat Ann 1971 Cum Supp § 28.1131). During this period of delay defendant was required: (1) to refrain from drinking alcoholic beverages; (2) to stay away from bars and taverns; and (3) to report each week to a probation officer. On September 28, 1970, defendant was sentenced to a term of 3-1/2 to 10 years.

On appeal, defendant contends: (1) that the trial court, by imposing the above-stated requirements upon her, actually placed her on a probationary status; (2) that, therefore, she was entitled to a summary hearing before the trial court could properly revoke such status; MCLA § 711.4 (Stat Ann 1954 Rev § 28.1134); and (3) that the trial court erred in revoking her probationary status and imposing sentence without affording her a summary hearing.

Although a person who has been granted probation is entitled to a summary hearing before a trial

---

[1] MCLA § 750.357 (Stat Ann 1954 Rev § 28.589).

court may properly revoke his probation,[2] a person whose sentencing has been delayed is not entitled to such a hearing before the trial court may properly terminate the delay in sentencing.[3]

A review of the record clearly shows that the trial court did not place defendant Clyne on probation, but, in fact, delayed her sentencing for a period of six months.[4] The three requirements which the

---

[2] MCLA § 771.4 (Stat Ann 1954 Rev § 28.1134) provides, in pertinent part, as follows:

"All probation orders, therefore, shall be revocable or terminable in any manner which the court which imposed probation shall deem applicable, either for any violation, or attempted violation of any condition of probation, or for any other type of antisocial conduct or action on the part of the probationer which shall satisfy such court that revocation is proper in the public interest. *Hearings on such revocation shall be summary and informal and not subject to the rules of evidence or of pleadings applicable in criminal trials.* * * * The method of hearing and presentation of charges accorded shall lie entirely within the discretion of the court which granted probation: *Provided, however, that the probationer shall be entitled to a written copy of the charges against him which constitute the claim that he violated his probation, and shall be entitled to a hearing thereon.*" (Emphasis added.)

[3] MCLA § 771.1 (Stat Ann 1971 Cum Supp § 28.1131) provides, in pertinent part, as follows:

"In any case in which the court may place the defendant on probation, it may delay the imposing of sentence of the defendant for a period of not to exceed 1 year for the purpose of giving the defendant an opportunity to prove to the court his eligibility for probation or such other leniency as may be compatible with the ends of justice and the rehabilitation of the defendant. * * * The delay in passing sentence shall not deprive the court of jurisdiction to sentence the defendant at any time during the extended period."

[4] In deciding to delay defendant's sentencing, the trial court said:

"You [defendant Clyne] are not eligible for probation at this time. You simply are not, and I cannot make the necessary finding in your case. Your background is such that I am satisfied you do constitute a danger to the public, and yet I am extremely reluctant to send you back to the Detroit House of Corrections, which is where you would go if you were committed. I know they have good programs there. You have seen them already. The greater challenge is to see what you could do yourself. What I am about to do, and you may not like it, I am about to release you from jail today and I am about to defer your sentence. The law allows a judge to defer a sentence for a period of up to one year where he is uncertain that that person is eligible for probation and wants to give that person an opportunity to prove whether he or she can be eligible for probation. It permits the judge to bring the person back for regular sentencing at any time, notwithstanding the one-year defer-

trial court imposed upon defendant Clyne were reasonably well designed to assist the court in determining whether or not she would be eligible for probation when the six-month period ended.[5]  We cannot say that the imposition of such requirements was tantamount to placing defendant on probation.

Affirmed.

---

ment.  That is what I am going to do in your case.  I am going to defer the sentence for a period of six months from this date."

[5] See statutory language of MCLA § 771.1 (Stat Ann 1971 Cum Supp § 28.1131), footnote 3 *supra*.