PEOPLE v LASSEN

1. CRIMINAL LAW—PLEA OF GUILTY—WITHDRAWAL OF PLEA—DISCRE-
   TION.

   The grant or denial of a motion to withdraw a plea of guilty after
   sentence lies in the sound discretion of the trial judge.

2. CRIMINAL LAW—ENTRAPMENT.

   An offer of an opportunity to commit a crime is insufficient to
   establish entrapment.

3. CRIMINAL LAW—PLEA OF GUILTY—WITHDRAWAL OF PLEA—DISCRE-
   TION—APPEAL AND ERROR.

   An offer of an opportunity to commit a crime is an insufficient
   basis on appeal for disturbance of a court's exercise of discre-
   tion in denying a motion to withdraw a plea of guilty after
   sentencing.

Appeal from Shiawassee, Peter J. Marutiak, J.
Submitted November 14, 1975, at Lansing. (Docket
No. 22502.) Decided November 24, 1975.

Robert J. Lassen was convicted, on his plea of
guilty, of possession of a controlled substance.
Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *Gerald D. Lostracco,*
Prosecuting Attorney, and *Daniel Jon Loomis,*
Assistant Prosecuting Attorney, for the people.

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law §§ 491, 503–506.
[2] 21 Am Jur 2d, Criminal Law § 143.
[3] 21 Am Jur 2d, Criminal Law §§ 495, 504, 506.
  Withdrawal of plea of guilty and substitution of plea of not guilty
  after conviction. 146 ALR 1430.

*Richard G. Burlingame,* for defendant on appeal.

Before: QUINN, P. J., and R. B. BURNS and D. E. HOLBROOK, JR., JJ.

QUINN, P. J. Charged with delivery of a controlled substance, MCLA 335.341(1)(a); MSA 18.1070(41)(1)(a), defendant pleaded guilty on June 12, 1974 to the added count of possession of a controlled substance, MCLA 335.341(4)(a); MSA 18.1070(41)(4)(a). July 1, 1974, defendant was sentenced and on November 4, 1974, he moved to withdraw his plea on the basis that the facts elicited at the plea taking indicated a possible entrapment. The motion was denied and defendant appeals.

Is a trial court required to explore a possible defense of entrapment when the plea transcript indicates that a police officer is involved in the criminal transaction?

Our answer is no, *People v Sinclair,* 58 Mich App 609, 614; 228 NW2d 486, 489 (1975).

Does this record establish that the trial judge abused his discretion in denying the motion to withdraw the plea?

The pertinent portion of the transcript is:

*"The Respondent:* The officer, Detective Williams, approached me at my sister's apartment, and asked me if I would buy some drugs for him or sell some drugs for him and I told him I would meet him downtown later that night. I went to a friend's apartment on John Street and he was there, and he gave me a ride, dropped me off. I bought the heroin and returned to the apartment on John Street, where the officer later returned, and I handed it to him.

*"The Court:* So you did have in your possession then the substance you knew to be heroin?

*"The Respondent:* Yes, sir.

*"The Court:* And in turn you delivered that to a gentleman later identified as an officer, is this correct?

*"The Respondent:* Yes, sir.

*"The Court:* Now I ask you again, sir, do you make this plea of guilty voluntarily and freely and understandingly?

*"The Respondent:* Yes, sir.

*"The Court:* With the belief that you are guilty of the offense charged?"

The grant or denial of a motion to withdraw a plea after sentence lies in the sound discretion of the trial judge, *People v Bovee,* 60 Mich App 727; 231 NW2d 529 (1975). We read this record as establishing no more than offering defendant an opportunity to commit the crime. This is insufficient to establish entrapment, *People v Turner,* 390 Mich 7, 21; 210 NW2d 336, 342 (1973), and insufficient as a basis for us to disturb the trial judge's exercise of his discretion.

Affirmed.