PEOPLE v SAYLOR

Docket No. 78-2599. Submitted November 15, 1978, at Lansing.—
Decided January 17, 1979.

Barry L. Saylor was convicted, on his plea of guilty, of unarmed
robbery, in Genesee Circuit Court, Robert M. Ransom, J. His
sentence was deferred and he was ordered to participate in a
drug treatment program. He left the program without permis-
sion and was notified to appear for sentencing. A sentence was
imposed. Defendant appeals, alleging that there was an insuffi-
cient factual basis for his guilty plea, that the plea was coerced,
and that he was denied due process of law when he was
sentenced without prior notice of the charges and a full adver-
sary hearing. *Held:*

1. Defendant's claim of an insufficient factual basis for his
plea of guilty is totally without merit. Failure to provide an
adequate factual basis in the first instance did not invalidate
the plea where after consultation with counsel several perti-
nent details of the crime, previously omitted, were revealed to
the court, and where defendant's second account of the crime
was not inconsistent with his initial version and did establish
the necessary factual basis for plea acceptance.

2. Defendant failed to file a motion in the trial court to
vacate his plea; therefore, the issue of coercion at the plea
acceptance hearing was not properly saved for review. A de-
fendant, before appeal, is required to file a proper motion in the

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law § 492 (supp).
[2] 4 Am Jur 2d, Appeal and Review §§ 352, 355, 495.
   21 Am Jur 2d, Criminal Law §§ 485.
[3] 21 Am Jur 2d, Criminal Law §§ 485, 486.
[4] 21 Am Jur 2d, Criminal Law §§ 526, 555, 568.
   Right to notice and hearing before revocation of suspension of
   sentence, parole, conditional pardon, or probation. 29 ALR2d
   1074.
[4] Comment note—Procedural requirements, under Federal Constitu-
   tion, applicable to revocation of probation parole. 36 L Ed 2d
   1077.
[5] 21 Am Jur 2d, Criminal Law § 566.
[6] 21 Am Jur 2d, Criminal Law §§ 303, 530.

trial court to set aside his plea and to make a special record factually supporting his claim.

3. Where there is no indication on the record that a plea was coerced and the defendant, after providing a factual basis for his plea, states that he was pleading guilty of his own free choice, the plea is considered voluntary, and a trial judge is under no duty to make further inquiry.

4. There is no provision for a hearing in the deferred sentencing statute should the trial judge decide to sentence a defendant during the extended period.

5. There was no violation of a defendant's due process rights at the sentencing where he and his attorney were allowed to respond to the information contained in the presentence report and to bring to the court's attention any other information believed to be relevant.

Affirmed.

1. CRIMINAL LAW — PLEA OF GUILTY — FACTUAL SUPPORT FOR PLEA.

A sufficient factual basis for acceptance of a guilty plea is established where, although defendant initially failed to provide an adequate factual basis for the plea, later consultation with counsel revealed to the court several pertinent details previously omitted and defendant's second account of the crime, which presented an adequate factual basis, was unequivocal and in no way inconsistent with his initial version of the crime.

2. CRIMINAL LAW — PLEA OF GUILTY — SETTING PLEA ASIDE — COERCION — MOTIONS — SEPARATE RECORD — APPEAL AND ERROR.

A defendant who was convicted on his plea of guilty, should move in the trial court to set aside his plea and seek to make a separate record factually supporting a claim of coercion if the record made before he is convicted does not factually support the claim he wishes to urge on appeal; failure to file a proper motion and to make a separate record precludes appellate review.

3. CRIMINAL LAW — PLEA OF GUILTY — COERCION — VOLUNTARINESS OF PLEA — FACTUAL SUPPORT FOR PLEA — FREE CHOICE.

A trial judge is under no duty to make further inquiry as to the voluntariness of a guilty plea where there is no indication on the record that the plea was coerced and where, after providing a factual basis for his plea, defendant stated that he was pleading guilty of his own free choice.

4. Criminal Law — Sentences — Probation — Deferred Sentences — Summary Hearing — Statutes.

A person granted probation is entitled to a summary hearing before his probation can be revoked; however, a person convicted of a crime is not entitled to a summary hearing where sentencing has only been delayed; the delayed sentencing statute includes no provision for a hearing should the trial judge decide to sentence a defendant during the extended period (MCL 771.1; MSA 28.1131).

5. Criminal Law — Sentences — Probation — Probation Revocation — Deferred Sentences — Eligibility for Probation.

A decision to revoke probation and impose a term of imprisonment involves the imposition of a different sentence to replace the order of probation; however, in the case of a deferred sentencing, no sentence is initially imposed; the sentence is delayed so that defendant can prove to the court his eligibility for probation (MCL 771.1; MSA 28.1131).

6. Criminal Law — Deferred Sentences — Presentence Reports — Protection from Inaccuracies — Due Process — Court Rules.

A deferred sentence is based upon all the circumstances of the defendant's background, including any failure to conform his conduct to conditions imposed in conjunction with the sentence deferral; where a deferred sentence is imposed the defendant is protected from any possible inaccuracies in his presentence report by his right to allocution and his attorney's right to review the presentence report; no violation of due process rights occur where defendant and his attorney are allowed to respond to the information in the presentence report and to bring to the court's attention any other information believed to be relevant (GCR 1963, 785.8[2], 785.12).

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert F. Leonard,* Prosecuting Attorney, and *Donald A. Kuebler,* Chief, Appellate Division, for the people.

*Green, Moon, Haldy, Gibbs & McCabe,* for defendant.

Before: CYNAR, P.J., and R. B. BURNS and M. B. BREIGHNER,* JJ.

PER CURIAM. On August 1, 1977, defendant pled guilty to the crime of unarmed robbery, a violation of MCL 750.530; MSA 28.798. Sentencing was deferred at that time until June 28, 1978. In the interim defendant was ordered to participate in a drug treatment program and not to leave that program without the express written permission of his probation officer. On May 11, 1978, after leaving the program prematurely, he was sentenced to 7 to 15 years imprisonment. He now appeals as of right.

Defendant's claim of an insufficient factual basis for his guilty plea is totally without merit. At the plea proceeding, defendant initially failed to provide an adequate factual basis. However, after consultation with counsel several pertinent details of the crime, which had previously been omitted, were revealed to the court. Defendant's second account of the crime was unequivocal and in no way inconsistent with his initial version of the crime. It also presented an adequate factual basis for the crime of unarmed robbery.

Defendant's contention that the plea was coerced is similarly without merit. Since no motion to vacate the plea has been made below, this issue is not properly before this Court. *People v Ginther,* 390 Mich 436, 443; 212 NW2d 922 (1973). Moreover, on the record before us, there is no indication that the plea was coerced. After providing the factual basis for the plea defendant stated that he was pleading guilty of his own free choice. The trial judge was under no duty to make any further inquiry as to the voluntariness of the plea.

* Circuit judge, sitting on the Court of Appeals by assignment.

Defendant's final contention is that he was denied due process when he was sentenced without prior notice of the charges and a full adversary hearing. He claims that those rights afforded probationers are equally applicable to those subject to deferred sentencing.

MCL 771.1; MSA 28.1131, which permits deferred sentencing, provides in part:

"any case in which the court may place the defendant on probation, it may delay the imposing of sentence of the defendant for a period of not to exceed 1 year for the purpose of giving the defendant an opportunity to prove to the court his eligibility for probation or such other leniency as may be compatible with the ends of justice and the rehabilitation of the defendant. When the sentencing is delayed, the court shall make an order setting forth the reason for the delay, which order shall be entered upon the records of the court. The delay in passing sentence shall not deprive the court of jurisdiction to sentence the defendant at any time during the extended period."

The statute includes no provision for a hearing, should the judge decide to sentence defendant during the extended period. *People v Clyne,* 36 Mich App 152, 154; 193 NW2d 399 (1971).

The record indicates that defendant had notice of the sentencing, which was originally scheduled for November 30, 1977, but failed to appear. He appeared for the May 11, 1978, sentencing only after a bench warrant had been issued to compel his appearance. At the sentencing defendant was provided with a copy of his presentence report and both he and his attorney were granted the right of allocution.

Defendant's attempt to compare this situation to a probation revocation proceeding is unconvincing. In placing a defendant on probation, a judge has

in effect imposed a sentence. The sentencing judge has determined to his satisfaction that

"the defendant is not likely again to engage in an offensive or criminal course of conduct and that the public good does not require that the defendant shall suffer the penalty imposed by law * * *." MCL 771.1; MSA 28.1131.

Thus, the decision to revoke probation and impose a term of imprisonment involves the imposition of a different sentence to replace the order of probation.

In the case of a deferred sentencing, no sentence is initially imposed. Rather, the sentencing is delayed so that defendant can "prove to the court his eligibility for probation". MCL 771.1; MSA 28.1131. As with any sentencing, the sentence ultimately imposed is based upon all the circumstances of the defendant's background, including any failure to conform his conduct to conditions imposed in conjunction with the sentence deferral. Defendant is protected from any possible inaccuracies in the presentence report by his right of allocution and has attorney's right to view the presentence report.

We are satisfied that no violation of defendant's due process rights occurred in this case. As required by GCR 1963, 785.12, defendant's attorney was provided with a copy of defendant's presentence report. As required by GCR 1963, 785.8(2), and GCR 1963, 785.12, defendant and his attorney were allowed to respond to the information in the presentence report and to bring to the court's attention any other information believed to be relevant. Due process requires nothing more.

Affirmed.