PEOPLE v FISHER

Docket No. 51090. Submitted January 19, 1981, at Detroit.—Decided May 12, 1981.

Carl B. Fisher was convicted of conspiracy to break and enter with intent to commit larceny in the Genesee Circuit Court, Robert M. Ransom, J. Sentence was deferred with conditions in order to give defendant an opportunity to demonstrate that he was worthy of probation. He was later sentenced after the court found that he had violated the conditions. Defendant appeals. *Held:*

A defendant who has been convicted and whose sentence has been delayed in order to afford him an opportunity to demonstrate his eligibility for lenient treatment is entitled to a hearing as to whether failure to comply with conditions imposed by the court was due to circumstances beyond his control.

Reversed and remanded.

Criminal Law — Sentencing — Delay in Sentencing.

A defendant who has been convicted and whose sentence has been delayed in order to afford him an opportunity to demonstrate his eligibility for lenient treatment is entitled to a hearing as to whether failure to comply with conditions imposed by the court was due to circumstances beyond his control.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert E. Weiss,* Prosecuting Attorney, and *Donald A. Kuebler,* Chief, Appellate Division, for the people.

*Green, Haldy, Gibbs & McCabe,* for defendant on appeal.

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law §§ 552, 554.

What constitutes "good behavior" within statute or judicial order expressly conditioning suspension of sentence thereon. 58 ALR3d 1156.

Before: N. J. KAUFMAN, P.J., and M. J. KELLY and CYNAR, JJ.

PER CURIAM. Defendant pled guilty to conspiracy to commit the crime of breaking and entering a building with the intent to commit larceny therein, MCL 750.110; MSA 28.305 and MCL 750.157a; MSA 28.354(1). Defendant's sentence was deferred in order to give defendant the opportunity to demonstrate that he was worthy of a probationary sentence. Upon the court's finding that defendant had failed to do so, defendant was sentenced to imprisonment for a term of from six to ten years. Defendant now appeals as of right.

Defendant first claims that his plea must be vacated because the lower court informed defendant that, by pleading guilty, defendant would give up his right to have an attorney appointed on his behalf at public expense. We first note the defendant was represented by retained counsel at his plea-taking proceeding and both sentencing proceedings. Moreover, the lower court file indicates that at no time prior to his being sentenced to imprisonment had defendant filed an affidavit of indigency indicating even a prima facie entitlement to appointed counsel. Additionally, at an earlier point in his plea-taking proceeding the court had indicated to defendant that, if he ran out of funds during the course of the lower court proceedings, counsel would be appointed to represent him at public expense. The court never indicated, as claimed by defendant, that by pleading guilty defendant would give up his right to counsel at sentencing. In context, it appears that the court was informing defendant that he was giving up his right to appointed counsel *at trial,* either a bench trial, or by jury, since this was the right which defendant was informed he would be giving up as

a result of his plea immediately prior to the statement in dispute. We decline to vacate defendant's plea on this basis. *Cf., Guilty Plea Cases,* 395 Mich 96, 119; 235 NW2d 132 (1975).

Defendant next argues that he should not have been sentenced to prison following the period of sentence deferral, since the lower court indicated it would give defendant a chance to establish he was deserving of probation by defendant's continuing in an alcohol therapy program as well as a job program and since defendant, in good faith, attempted to comply literally with these conditions and did, in fact, abstain from alcohol during the entirety of the deferral period and had secured employment, only to be laid off because of the seasonal nature of the work in which he was engaged. Finally, defendant argues that there was no alcohol therapy program in the area in which he was working. The trial court specifically found that defendant had not stopped drinking and had quit alcohol therapy.

The purpose for delaying a sentence is to give a defendant an opportunity to prove himself eligible for probation or other lenient treatment by the court. MCL 771.1; MSA 28.1131.

*People v Clyne,* 36 Mich App 152; 193 NW2d 399 (1971), held that a defendant whose sentence has been delayed is not entitled to even a summary hearing before the trial court may properly terminate the delay in sentencing. Under subsequent cases, defendant has a due process right to respond at sentencing to the information in the presentence report and to bring to the court's attention any other information which defendant deems appropriate. *People v Saylor,* 88 Mich App 270; 276 NW2d 885 (1979).

Defendant may not reopen and contest a prior

conviction included in the presentencing report, but he may dispute the accuracy of the information contained therein. In such a case, the trial judge may disregard the disputed information or conduct a hearing to determine its accuracy if, in his discretion, he deems it appropriate. *People v Books,* 95 Mich App 500, 504-505; 291 NW2d 94 (1980).

It would follow that a similar hearing should be had or defendant's contentions should be considered where he presents mitigating circumstances outside of what is contained in the presentence report. Such mitigating circumstances may or may not affect the trial court's decision.

In the instant case the trial court found that the defendant had not stopped drinking and had quit the alcohol therapy program which he had been required to pursue by the court as a condition of his delayed sentencing. This appears to be the reason for which the court decided that sentence should be imposed. Defendant alleged, however, that he was unable to continue a therapy program because one was not available in the vicinity of his most recent job. There was no indication that this was found to be untrue. Defendant also claimed that he had in fact stopped drinking. If these claims are true, it would seem to this Court that the defendant has demonstrated his eligibility for lenient treatment.

We believe that principles of fairness mandate that, where, as here, the trial court gives a defendant an opportunity to demonstrate eligibility for lenient treatment, defendant is entitled to a hearing as to whether failure to comply with conditions imposed on defendant was in fact due to circumstances beyond defendant's control.

We therefore remand the case for such a deter-

mination. We note in doing so that we do not require a hearing in every case of sentencing after a delay. All we require here is that the trial court act in conformity with its own pronouncements. We note further that the trial court is not responsible for providing treatment for defendant's alcoholism and that it may still, in its discretion, decide that incarceration is necessary if defendant has not, in fact, stopped drinking or did not attend a suitable alcohol treatment program.

Reversed and remanded for further proceedings.