PEOPLE v COLEMAN

Docket No. 65994. Submitted September 12, 1983, at Lansing.—Decided November 22, 1983.

Defendant, William R. Coleman, was convicted, on his plea of guilty pursuant to a sentence bargain agreement, of breaking and entering with intent to commit larceny, Washtenaw Circuit Court, Patrick J. Conlin, J. The dwelling broken into was the home of his parents. Prior to sentencing, the court offered defendant an alternative, a delayed sentencing arrangement upon certain conditions, one of which was that defendant have no contact with his parents. Defendant was arrested for violation of the condition of his delayed sentencing and was sentenced to prison. Defendant appealed. *Held:*

1. A trial court may offer a defendant who has pled guilty pursuant to a sentence bargain an alternative manner where the defendant agrees to the alternative sentence. Defendant waived any objection to the delayed sentencing arrangement by agreeing to it.

2. The condition that defendant have no contact with his parents was a reasonable one under the circumstances. A trial court may delay sentencing a defendant and impose reasonable conditions.

3. A defendant is not entitled to a hearing on the question of whether he violated a condition of his delayed sentencing agreement where the court imposed sentence during the contemplated period of the delay. Defendant was not denied due process by the failure to hold a hearing.

4. Defendant was not entitled to withdraw his plea when he learned he would receive a prison sentence as a result of his violation of the condition of delayed sentencing.

5. An intent to commit larceny is an element of the crime of breaking and entering with intent to commit larceny which

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law § 543.
[2, 3] 21 Am Jur 2d, Criminal Law § 526.
    Loss of jurisdiction by delay in imposing sentence. 98 ALR3d 605.
[4] 50 Am Jur 2d, Larceny § 40.

must exist at the time of the breaking and entering. The plea-taking transcript reveals that the facts before the court were insufficient to establish the element of intent to commit larceny.

Reversed and remanded with instructions.

1. CRIMINAL LAW — GUILTY PLEAS — SENTENCING.

A trial court may offer a defendant who has pled guilty pursuant to a sentence bargain an alternative sentence and may sentence the defendant in the alternative manner where the defendant agrees to the alternative sentence.

2. CRIMINAL LAW — DELAYED SENTENCING.

A trial court may delay sentencing a defendant and impose reasonable conditions during the period of delay.

3. CRIMINAL LAW — DELAYED SENTENCING.

A defendant is not entitled to a hearing on the question of whether he violated a condition of his delayed sentencing agreement where the court imposed sentence during the contemplated period of delay.

4. BURGLARY — BREAKING AND ENTERING — INTENT.

An intent to commit larceny is an element of the crime of breaking and entering with intent to commit larceny which must exist at the time of the breaking and entering.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William F. Delhey,* Prosecuting Attorney, and *David A. King,* Assistant Prosecuting Attorney, for the people.

*Edward J. Schwartz,* for defendant on appeal.

Before: BRONSON, P.J., and CYNAR and SHEPHERD, JJ.

PER CURIAM. Defendant appeals as of right his plea-based conviction for breaking and entering, MCL 750.110; MSA 28.305. On appeal, he raises five issues, one of which requires reversal.

First, defendant contends that the trial court erred in placing him on a conditional delayed

sentence instead of adhering to the initial sentence agreement. We find no error. The court merely offered defendant the alternative, a delayed sentencing agreement, and explained the terms of its offer. Defendant responded by agreeing to accept the offer. By so agreeing to that alternative arrangement, defendant waived any objection to the court's implementation of that arrangement. The cases cited by defendant, *People v Nickerson,* 96 Mich App 604; 293 NW2d 644 (1980), and *People v Stevens,* 45 Mich App 689; 206 NW2d 757 (1973), are distinguishable. In those cases there was no showing that the defendant agreed to be bound by an alternative sentencing agreement.

Defendant next urges that one condition of the delayed sentencing agreement—that defendant have no contact with his parents—was invalid. We note that the victims of the offense were defendant's parents. Thus, this condition, which might appear at first blush to be an unreasonable denial of access to defendant's family, was actually a measure designed to protect the parents from being further victimized by defendant. The condition was designed to ensure defendant's willingness to be bound by reasonable restrictions upon his conduct which might have governed any grant of probation. As such, the condition was valid and properly enforced. Certainly, the mere fact that the sentence was conditionally delayed was not by itself sufficient grounds for reversal. It is well established that a trial court may delay sentencing based upon reasonable conditions, *People v Saylor,* 88 Mich App 270; 276 NW2d 885 (1979); *People v Clyne,* 36 Mich App 152; 193 NW2d 399 (1971). The cases cited by defendant, *People v Johnson,* 92 Mich App 766; 285 NW2d 453 (1979), and *People v Higgins,* 22 Mich App 479; 177 NW2d 716 (1970),

are distinguishable. In those cases, the Court imposed demonstrably unlawful conditions upon the defendants' grants of *probation,* rather than merely imposing certain conditions upon agreements to delay sentencing.

Defendant's third contention is that he was denied due process by the trial court's failure to hold a formal hearing on the question of whether he violated the condition of his delayed sentence arrangement. This contention is also completely without merit. We note that defendant has never denied having violated the condition in question. Furthermore, it has long been held that a defendant has no right to any hearing on the question of whether he violated a condition of any delayed sentencing arrangement, *Saylor, supra; Clyne, supra.* If a trial court does delay imposition of a sentence, the delay arrangement still does not deprive the court of jurisdiction to sentence the defendant during the contemplated period of delay should the court exercise its discretion to do so. MCL 771.1(2); MSA 28.1131(2). The case cited by defendant, *People v Fisher,* 106 Mich App 616; 308 NW2d 188 (1981), is distinguishable. There, the Court merely held that a hearing may be granted where defendant points to mitigating circumstances outside those which are contained in the presentence report. In the present case, defendant and his attorney received a copy of the presentence report and had an opportunity to direct the court's attention to any mitigating circumstances but neither pointed to any mitigating circumstances which might be relevant.

Defendant's fourth contention on appeal is that he should have been allowed an opportunity to withdraw his plea when he discovered that he would receive a prison term as the result of his

failure to abide by the conditions of the delayed sentencing agreement. We disagree. The trial court had discretion to deny a motion to withdraw a plea, *People v Bentley,* 94 Mich App 19; 287 NW2d 355 (1979); *People v Lassen,* 65 Mich App 720; 238 NW2d 384 (1975). A motion to withdraw is based upon the premise that the court is bound to adhere to a sentencing agreement agreed to by the defendant. In the present case, the original sentencing agreement was superseded by defendant's decision to go along with the delayed sentencing plan. Accordingly, the court's failure to abide by the original sentencing agreement cannot serve as a basis for any right to withdraw the plea. We also find no support in the record for defendant's alternative suggestion that the superseding delayed sentencing agreement was the result of "coercive" circumstances.

Defendant's final contention on appeal is that the factual basis for the plea was insufficient. We agree because we do not believe that a sufficient factual basis was established at the plea hearing to support a conviction for breaking and entering with intent to commit the crime of larceny. Defendant contends correctly that the intent to commit larceny is an element that must exist at the time of the breaking and entering. See *People v Tilliard,* 98 Mich App 17; 296 NW2d 180 (1980), and *People v Kochan,* 55 Mich App 326; 222 NW2d 317 (1974). In *Tilliard,* the Court held that a plea may be accepted if the defendant initially denies his larcenous intent and then at the same plea hearing admits it. The Court stated:

"The judge properly pointed out this inconsistency to defendant and questioned him further about it. We believe that defendant's repeated acknowledgement of

the requisite intent was sufficient to provide a valid factual basis for his plea." 98 Mich App 19.

In this case, defendant broke into his parents' apartment by picking the lock with a key without obtaining his parents' permission to enter. The court questioned the defendant by asking, "Why did you go in there?" The defendant responded by giving a history of his hard life and stating that he just took a little bit of food and three dollars worth of coins. This statement by the defendant does not say that he intended to take food or coins at the time he broke into his parents' home.

The court then asked, "In other words, you went in there to steal something?" The defendant replied, "No, I just wanted to, you know, borrow it and tell Mom about it, you know, but I didn't get a chance."

The court then asked, "Well, why didn't you tell Mom before you went in?" The defendant replied, "The law got to me."

The prosecutor then attempted to rectify the inadequacy of his plea by stating:

"And if the court would please inquire * * * isn't it true, Mr. Coleman, that you took the money because you needed it and you weren't going to be able to give it back? I mean, you had to have it, isn't that right?"

Defendant responded, "Yea".

This too does not clearly state that the defendant intended to steal money or food at the time he entered his parents' apartment. Defendant admits that he entered the apartment without permission and that once inside he took food and money but the necessary connection between the breaking and entering and the intent to steal is missing and, for that reason, we reverse and re-

mand to permit the defendant to withdraw his plea of guilty. In this connection, we point out to both the defense and the prosecutor that the defendant has stated a proper factual basis for the crimes of entering a dwelling without the consent of the owner and of larceny under the amount of $100. See MCL 750.115; MSA 28.310 and MCL 750.356; MSA 28.588 respectively.

Reversed and remanded to permit defendant to either withdraw his plea and go to trial on the original charges or, in the alternative, to enter a plea of guilty to entering a dwelling without the consent of the owner and/or larceny under the amount of $100. The prosecutor would also be free to elect to try the defendant on these latter charges.