PEOPLE v LAWSON

Docket No. 107296. Submitted September 9, 1988, at Lansing. Decided October 18, 1988.

Willie Earl Lawson, pursuant to a plea agreement, pled guilty in Muskegon Circuit Court to a charge of delivery of less than fifty grams of cocaine and was sentenced to a prison term of from eight to twenty years, James M. Graves, Jr., J. Defendant appealed.

The Court of Appeals *held:*

1. The trial court did not err in denying defendant's request to withdraw his guilty plea at the sentencing hearing. Defendant's assertion that his plea was induced by unfulfilled promises of leniency and the ineffective assistance of counsel is without support.

2. The trial court's refusal to allow a prisoner being held at the county jail to be brought to the sentencing hearing to speak on defendant's behalf did not deny defendant his right of allocution.

Affirmed.

1. CRIMINAL LAW — GUILTY PLEAS — WITHDRAWAL OF PLEAS.

A trial court need not grant a defendant's request for withdrawal of his guilty plea when it is persuaded that the request is obviously frivolous.

2. CRIMINAL LAW — SENTENCING — ALLOCUTION.

A trial court's refusal to allow anyone other than the defendant and his counsel to speak on behalf of the defendant at the defendant's sentencing hearing does not deny the defendant his right of allocution (MCR 6.101[G][2]).

REFERENCES

Am Jur 2d, Criminal Law §§ 500 *et seq.,* 531.

Validity of guilty pleas—Supreme Court cases. 25 L Ed 2d 1025.

Court's duty to advise or admonish accused as to consequences of plea of guilty, or to determine that he is advised thereof. 97 ALR2d 549.

Necessity and sufficiency of question to defendant as to whether he has anything to say why sentence should not be pronounced against him. 96 ALR2d 1292.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Harold F. Closz, III,* Prosecuting Attorney, and *Judith K. Simonson,* Senior Assistant Prosecuting Attorney, for the people.

*Patricia S. Slomski,* for defendant on appeal.

Before: CYNAR, P.J., and SHEPHERD and DOCTOROFF, JJ.

PER CURIAM. Defendant pled guilty to delivery of less than fifty grams of cocaine, MCL 333.7401(2)(a)(iv); MSA 14.15(7401)(2)(a)(iv). As part of the plea agreement, defendant also pled guilty to delivery of more than fifty grams of cocaine, MCL 333.7401(2)(a)(iii); MSA 14.15(7401)(2)(a)(iii), in another case before a different judge. In exchange for the pleas, the prosecutor dismissed a charge of delivery of cocaine in a third case and the supplemental information charges in all three cases. Defendant was sentenced to a prison term of from eight to twenty years in this case. Defendant appeals as of right. We affirm.

Defendant first argues that the trial court erred in denying defendant's request to withdraw his guilty plea when defendant asserted that his plea was induced by unfulfilled promises of leniency and the ineffective assistance of counsel.

There is no absolute right to withdrawal of a guilty plea. *People v Bencheck,* 360 Mich 430, 432; 104 NW2d 191 (1960). When a motion for withdrawal of a guilty plea is made prior to sentencing, the trial judge's discretion should be exercised with great liberality. *Id.* However, the trial court need not grant a defendant's request for withdrawal of the plea when it is persuaded that the

request is obviously frivolous. *People v Zaleski,* 375 Mich 71, 79; 133 NW2d 175 (1965).

In the instant case, defendant moved for withdrawal of his guilty plea at the sentencing hearing. Defendant claimed that unfulfilled promises of immunity and credit for time served were made to him in exchange for his guilty plea. After being questioned by the trial judge, defendant's counsel denied that any such promises were made to defendant. The trial judge then denied defendant's motion. In support of his decision, the trial judge noted that defendant had previously stated at the guilty plea proceeding that no promises outside the plea agreement were made to him in exchange for his plea. The trial judge also noted that the record did not reveal any such promises and that defendant's counsel denied that the alleged promises were made to defendant.

On the basis of our review of the record, we find that the trial court acted within its discretion when it denied defendant's request to withdraw his guilty plea. Thus, we find no error.

Defendant also argues that the trial court abused its discretion and denied defendant his right to allocution when the court refused to allow a prisoner being held in county jail to be brought to the sentencing hearing to speak on defendant's behalf. We disagree.

MCR 6.101(G)(2) provides that a defendant and his attorney should be given a reasonable opportunity to advise the court of any circumstances that they believe the court should consider in imposing sentence. In the present case, defendant, defendant's attorney, and defendant's minister from jail, Reverend Coleman Gillian, Jr., were given a full opportunity to address the trial court prior to sentencing. Accordingly, we find that defendant

was properly afforded his right to allocution and that the trial court did not abuse its discretion when it refused to allow a prisoner to speak on defendant's behalf at sentencing. We further note that, although the trial court allowed defendant's minister to speak on defendant's behalf prior to sentencing, the trial court was not required to do so under MCR 6.101(G)(2).

Affirmed.